# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| ELDON WULF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 2:12-cv-04086-NKL |
| | ) |
| RONALD REPLOGLE, et al, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MISSOURI HIGHWAY PATROL/DEPARTMENT OF PUBLIC SAFETY AND SUPERINTENDENT RONALD REPLOGE TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Missouri State Highway Patrol/Department of Public Safety (hereinafter "MSHP"), and MSHP Superintendent Col. Ronald Replogle (hereinafter "Superintendent Replogle"), have moved this Court, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss plaintiff's Petition for Injunctive Relief (hereinafter "Complaint") for failure to state a claim and lack of subject matter jurisdiction. These suggestions are submitted in support of defendants' motion.

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... ii

TABLE OF AUTHORITIES ............................................................................ iii

I.    INTRODUCTION ..................................................................................1

II.   SUMMARY OF PLAINTIFF'S CLAIMS ..................................................1

III.  STANDARD OF REVIEW FOR MOTION TO DISMISS .........................3

IV.  ARGUMENT ..........................................................................................4

     A.    Plaintiff Has Failed to Name A Proper § 1983 Defendant. ............4

     B.    Defendants Are Entitled to Eleventh Amendment Immunity Against Plaintiff's Suit for Wage Payments. ...................................4

          1.    Plaintiff's "Injunctive" Request for Wages Does Not Avoid the 11th Amendment Bar to Damage Suits............................5

          2.    Plaintiff's Complaint Exclusively Seeks Monetary Relief In Violation of the Eleventh Amendment. ...............................7

     C.    Plaintiff Fails to State a Cognizable Constitutional Claim Under 42 U.S.C. § 1983. ............................................................................9

     D.    Plaintiff Fails to State a Claim Under 42 U.S.C. § 1988. ..............13

V.   CONCLUSION ......................................................................................14

CERTIFICATE OF SERVICE ..........................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) ........................... 3

*Aubuchon v. State of Missouri*, 631 F.2d 581 (8th Cir.1980) ............................ 4

*Autery v. Davis*, 571 F. Supp. 2d 1249 (M.D. Ala. 2008) ................................. 10

*Baker v. McCollan,* 443 U.S. 137 (1979) ............................................................ 9

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ......................................... 3

*Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972) ..................... 10

*Brown v. U.S.,* 151 F.3d 800 (8th Cir. 1998) ....................................................... 5

*Campbell v. Ark. Dept. of Corrections*, 155 F.3d 950 (8th Cir. 1998) ................. 8

*City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) ......................................... 9

*Craig v. Wingfield*, No.4:05CV000791JMM,

    2007 WL 1219742 *3 (E.D. Ark. Apr. 25, 2007 ......................................... 8

*Derheim v. Hennepin County Bureau of Social Servs.*,

    524 F. Supp. 1321 (D. Minn. 1981) ....................................................... 14

*Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442 (8th Cir. 1995) ........ 8

*Edelman v. Jordan*, 415 U.S. 651 (1974) ...................................................... 6, 7

*Elder-Keep v. Aksamit*, 460 F.3d 979 (8th Cir. 2006) ........................................ 5

*Ex parte Young,* 209 U.S. 123 (1908) ........................................................ 5, 7, 8

*Goros v. County of Cook*, 489 F.3d 857 (7th Cir. 2007) .................................. 12

*Graham v. Connor,* 490 U.S. 386 (1989) .............................................................. 9

*Harris v. City of St. Louis*, No.4:10CV1392,

    2012 WL 886824 *9 (E.D. Mo. Mar. 15, 2012) ............................................ 8

*Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1996) .............................. 6

*Kentucky v. Graham,* 473 U.S. 159 (1985) ......................................................... 6

*Krentz v. Robertson Fire Protection Dist.*, 228 F.3d 897 (8th Cir. 2000) ........ 10

*Mattes v. ABC Plastics, Inc.,* 323 F.3d 695 (8th Cir. 2003). ................................ 3

*Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1 (1978) ........................ 10

*Moor v. County of Alameda*, 411 U.S. 693 (1973) ............................................ 13

*Neitzke v. Williams,* 490 U.S. 319 (1989) ............................................................ 3

*Nevels v. Hanlon*, 656 F.2d 372 (8th Cir. 1981) .................................................. 8

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) ................ 4, 5

*Roundtree v. City of New York*, 778 F. Supp. 614 (1991) (E.D.N.Y. 1991) ...... 14

*Rush v. Perryman*, No.1:07CV00001SWW,

    2007 WL 2091745 *3 (E.D. Ark. Jul. 17, 2007) ......................................... 8

*Seminole Tribe of Florida v. Florida,* 517 U.S. 44 (1996) .................................. 5

*Silva v. Bieluch*, 351 F.3d 1045 (11th Cir. 2003) ............................................... 10

*Towne v. Arkansas Veteran's Home,* No. 4:08CV003585,

    2009 WL 223696 at * 2 (E.D. Ark. Jan. 29, 2009) .................................... 8

*Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989) .......................... 4, 5

**Statutes, Rules and Other Authorities**

§ 40.010 RSMo ................................................................................................ 11

§36.031 RSMo ............................................................................................ 1, 2, 11

§40.030 RSMo ................................................................................................. 11

§43.080 RSMo ................................................................................................. 11

1 CSR 20-1.045 ............................................................................................ 2, 11

42 U.S.C. § 1981 ............................................................................................... 14

42 U.S.C. § 1983 ..................................................... 1, 2, 4, 5, 9, 10, 12, 13, 14

42 U.S.C. § 1988 ................................................................................... 1, 2, 13, 14

Rule 12(b) ...................................................................................................... 3, 5

## I. INTRODUCTION.

Plaintiffs' Complaint seeks to constitutionalize his pay dispute with his state employer. The Complaint should be dismissed for five separate, independent reasons. First, as state actors, neither MSHP nor the individual defendants named in their official capacity are proper defendants under § 1983. Second, the Eleventh Amendment bars plaintiff's claims for monetary relief against MSHP and the individual defendants. Third, plaintiff's § 1983 claim, which is predicated on an incorrect reading of Missouri state law, fails to assert a cognizable federal constitutional violation. Fourth, plaintiff's asserted violation of § 1988 fails to state a claim, as that statute provides no independent cause of action. Fifth, plaintiff fails to state a claim under §36.031 RSMo, as that statute specifically ***exempts*** his position from the very state merit system he claims entitles him to a higher salary. In support of their motion, defendants respectfully state as follows:

## II. SUMMARY OF PLAINTIFF'S CLAIMS.

Plaintiff's Complaint, in essence, seeks to adjudicate a salary dispute against his state employer, MSHP. Although styled as a Complaint for injunctive relief, the only relief plaintiff seeks is the payment of additional salary. (Complaint ¶¶ 4-14, 23-24). Specifically, plaintiff claims that he is owed an additional $132.00 in salary per pay period from January 1, 2011

1

through June 1, 2011, and is entitled to $182.00 per pay period thereafter pursuant to a "pay grid promulgated by the Missouri State Office of Administration" (hereinafter, "pay grid").  (Id. ¶¶ 9-11, 24).  Plaintiff alleges that the defendants' failure to pay these higher salary rates  gives rise to claims under 42 U.S.C. § 1983 and § 1988, for alleged due process violations of the United States Constitution and the Missouri State Constitution, and further violates the uniform classification and pay plan authorized by §36.031 RSMo and 1 CSR 20-1.045.  (Complaint ¶¶ 1, 5, 7, 9-23).

Plaintiff's claim of entitlement to these higher salary amounts is grounded upon his claim that the uniform classification and pay plan of the merit service applies to his position as a Lieutenant with MSHP.  In particular, plaintiff alleges that he began his employment with the MSHP on January 1, 2011, and as a Lieutenant was entitled to $3,360 per pay period under the pay grid, but received $3,228 per pay period. (Complaint ¶¶ 8-10). In addition, plaintiff alleges that he was entitled to an additional $50.00 per pay period provided to designated supervisors, for supervisory work performed "after six months of employment."  (Id. ¶¶ 9-11.)  Plaintiff identifies the source of his entitlement to these amounts as the "uniform classification and pay plan . . . established by §36.031" (Id. ¶¶ 5, 6, 10, 12, 23).

## III. STANDARD OF REVIEW FOR MOTION TO DISMISS.

The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of the complaint.[1] *See Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989). Although the Court must assume all factual allegations of the complaint are true and must construe those allegations in favor of the plaintiff, *ibid.,* "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Rather, to survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This standard requires that the complaint contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 129 S.Ct. at 1949.

---

[1] "A motion to dismiss for lack of jurisdiction under Rule 12(b)(1), which is limited to a facial attack on the pleadings, is subject to the same standard as a motion brought under Rule 12(b)(6)." *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 698 (8th Cir. 2003).

3

## IV. ARGUMENT.

### A. Plaintiff Has Failed to Name A Proper § 1983 Defendant.

Plaintiff's § 1983 claim against MSHP, Superintendent Replogle and Missouri Treasurer Clint Zweifel fails to state a claim. A state, its agencies and its officers acting in their official capacities are not subject to suit under §1983, because they are not "persons" within the meaning of the statute. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65-71 (1989) (holding that neither "a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Aubuchon v. State of Missouri*, 631 F.2d 581, 582 (8th Cir.1980) ("The State of Missouri is not a proper party to an action brought under §1983.") Not one of the defendants named in plaintiff's Complaint is a "person" within the meaning of § 1983; accordingly, plaintiff's § 1983 claim should be dismissed.

### B. Defendants Are Entitled to Eleventh Amendment Immunity Against Plaintiff's Suit for Wage Payments.

Plaintiff's claims against MSHP and the individual defendants in their official capacity are further precluded by the Eleventh Amendment, which bars any "suit in which the State or one of its agencies or departments is named as the defendant." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–101 (1984). This same prohibition extends to suits against state officials sued in their official capacity. "[A] suit against a state official in his

4

or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will* 491 U.S. at 71 (1989). "As such, it is no different from a suit against the State itself." *Id.*; *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (accord). The Eleventh Amendment is a complete jurisdictional bar to such official capacity claims because plaintiff is, in effect, suing the state of Missouri itself.[2] *Pennhurst*, 465 U.S. at 101-103 ("The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest.") (internal quotations omitted).

### 1. Plaintiff's "Injunctive" Request for Wages Does Not Avoid the 11th Amendment Bar To Damage Suits.

Although the Eleventh Amendment bars all damages claims against state actors sued in their official capacity, the Supreme Court has recognized a narrow exception – not applicable here – when a plaintiff seeks only prospective injunctive relief. *See Ex parte Young,* 209 U.S. 123, 159-160 (1908); *Will*, 491 U.S. at 71 n.10. ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (quoting *Kentucky v. Graham,* 473 U.S. 159, 167

---

[2] Eleventh Amendment immunity is a threshold jurisdictional issue, properly decided in the context of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 72-73 (1996); *Brown v. U.S.,* 151 F.3d 800, 803-04 (8th Cir. 1998).

5

n. 14 (1985). The "injunctive relief" exception cannot save plaintiff's claims against the individual defendants in this case, however, because plaintiff's purported injunctive claims are, in substance and practical effect, claims for damages in the form of wage payments from the Missouri State Treasurer.

The label plaintiff has affixed to his request for relief is not controlling, and where plaintiff's requested remedy is in substance a request for damages, the Eleventh Amendment bars suit, even as to claims nominally styled as injunctive relief. *Edelman v. Jordan*, 415 U.S. 651, 668 (1974) (reversing award of injunctive relief against Illinois state officials that required payment of "restitution;""[w]hile the Court of Appeals described this retroactive award of monetary relief as a form of 'equitable restitution,' it is in *practical effect* indistinguishable in many aspects from an award of damages against the State. It will to a virtual certainty be paid from state funds, and not from the pockets of the individual state officials who were the defendants in the action.") (emphasis added); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270, 276-77 (1996) ("The real interests served by the Eleventh Amendment are not to be sacrificed to elementary mechanics of captions and pleading . . . The nature of a suit as one against the state is to be determined by the essential nature and effect of the proceeding . . . when the action is in essence one for the recovery of money from the state, the state is the real,

6

substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.")

### 2. Plaintiff's Complaint Exclusively Seeks Monetary Relief In Violation of the Eleventh Amendment.

Plaintiff's Complaint exclusively seeks monetary relief in the form of additional salary payments. *See* Complaint ¶¶ 4-14, 23-24, and Section II, *infra*. Plaintiff seeks an order "to restore Plaintiff's salary from January 1, 2011 through the present," and an order requiring the defendants going forward to pay his salary in "the amount established under the UCP," as well as attorneys fees and costs incurred in the suit. (Complaint ¶ 24, Prayer for Relief). In short, plaintiff is seeking a retroactive back pay award of salary "from January 1, 2011 through the present" and a front pay award of salary thereafter. (Complaint ¶ 24, Prayer for Relief). Regardless of how plaintiff styles his request for relief, plaintiff is seeking in substance and practical effect nothing more than prohibited monetary relief, which "must be paid from public funds in the state Treasury." *See Edelman*, 415 U.S. at 663; *see also,* Complaint ¶ 2 ("The Missouri State Treasurer is responsible for payments of funds to state employees.")

Plaintiff's claim for employment wage relief is not the mode of injunctive relief permitted by *Ex Parte Young*. Although truly injunctive prospective employment remedies – such as reinstatement – are permitted,

7

the Eighth Circuit has unequivocally ruled that both retroactive awards of back pay wages as well as forward-looking requests for front pay wages are barred by the Eleventh Amendment. *See Campbell v. Ark. Dept. of Corrections*, 155 F.3d 950, 962 (8th Cir. 1998) ("For purposes of the Eleventh Amendment, however, front pay is not analogous to the prospective relief permitted under *Ex parte Young* because it 'must be paid from public funds in the state treasury' . . . The alternative front pay award is therefore barred by the Eleventh Amendment."); *Harris v. City of St. Louis*, No.4:10CV1392, 2012 WL 886824 *9 (E.D. Mo. Mar. 15, 2012) ("back pay and front pay awards are barred by the Eleventh Amendment").[3] Accordingly, plaintiff's claims, in their entirety, are barred by the Eleventh Amendment prohibition against damage suits against states.

---

[3] *See also Towne v. Arkansas Veteran's Home,* No. 4:08CV003585, 2009 WL 223696 at * 2 (E.D. Ark. Jan. 29, 2009) ("front pay is not analogous to the prospective relief permitted under *Ex parte Young* . . . [and] is therefore barred by the Eleventh Amendment . . . and any award of retroactive monetary relief payable by the state, including for back pay is proscribed by the Eleventh Amendment."), *citing Campbell*, 155 F.3d at 962; *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 444 (8th Cir. 1995); *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981); *see also, Rush v. Perryman*, No.1:07CV00001SWW, 2007 WL 2091745 *3 (E.D. Ark. Jul. 17, 2007) (Eleventh Amendment precludes an award of front pay); *Craig v. Wingfield*, No.4:05CV000791JMM, 2007 WL 1219742 *3 (E.D. Ark. Apr. 25, 2007) ("[a]ny front pay award is barred by the Eleventh Amendment.")

8

## C. Plaintiff Fails to State a Cognizable Constitutional Claim Under 42 U.S.C. § 1983.

Plaintiff's attempt to elevate his pay dispute with his state employer to a federal constitutional issue finds no support in his pleading or the law. A necessary element of proof for plaintiff's §1983 claim is that he establish that he was deprived of an independent right secured by the Constitution or laws of the United States. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985) ("By its terms, of course, the statute [§ 1983] creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere"). Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan,* 443 U.S. 137, 144, n. 3 (1979).

The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor,* 490 U.S. 386, 394 (1989). Plaintiff's Complaint makes no such identification. Instead, the Complaint makes one passing reference to an unspecified "right to due process of law," without identifying whether plaintiff is alleging a procedural or substantive due process violation, and without specifying whether plaintiff is asserting a life, liberty or property deprivation. Based on the nature of the pay dispute alleged, defendants assume that plaintiff's generic reference to "due process of law" is intended to refer to an alleged procedural due process violation of a

9

property right.[4]  For the reasons below, plaintiff's Complaint fails to state a cognizable procedural due process claim.

Procedural due process claims require "a two-step analysis."  "Initially, a plaintiff must demonstrate that the state deprived him of some life, liberty or property interest.  If successful, the plaintiff must then establish that the state deprived him of that interest without sufficient process." *Krentz v. Robertson Fire Protection Dist.*, 228 F.3d 897, 902 (8th Cir. 2000).  Plaintiff is unable to satisfy even the initial step.  Although protected property interests are created by state law, *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972), federal constitutional law determines whether the interest created by state law rises to the level of a protected property interest. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978).  Plaintiff identifies the "uniform classification and pay plan" ("established by §36.031

---

[4] To the extent plaintiff is asserting a substantive due process claim, such a claim is improper.  "[T]he law is clearly established that government employees have no substantive due process rights regarding their employment." *Autery v. Davis*, 571 F. Supp. 2d 1249, 1252 (M.D. Ala. 2008); *see also Silva v. Bieluch*, 351 F.3d 1045, 1047 (11th Cir. 2003) ("Because employment rights are state-created rights and are not 'fundamental' rights created by the Constitution, they do not enjoy substantive due process protection."); *Goros v. County of Cook*, 489 F.3d 857, 860 (7th Cir. 2007) (plaintiffs could not argue substantive due process violations 'with straight faces' because the timing of step increases in a civil service system is not a fundamental right, and the due process clause does not assure the frequency of public employee raises.")  Accordingly, to the extent plaintiff predicates his § 1983 claim on an alleged substantive due process violation stemming from the failure to pay a higher salary amount, such a claim has no legal support.

10

RSMo) as giving rise to his entitlement to a higher rate of pay than he presently receives. (Complaint ¶¶ 5, 6, 9-12, 23). However, §36.031, on its face, expressly excludes members of the MSHP from the merit system and uniform classification pay plan. *See* § 36.031 (the covered service does not include "[t]hose positions in the Missouri state highway patrol the compensation of which is established by subdivision (2) of subsection 2 of section 40.030 RSMo, and section 43.080 RSMo . . .");[5] *see also,* 1 CSR 20-1.045 (same). Accordingly, plaintiff not only fails to identify a protected property interest, he also fails to state a claim under § 36.031 RSMo.

Moreover, even if plaintiff were to identify a separate Missouri statute or ordinance that purportedly gave rise to an entitlement to a higher salary, that would not then create a federal constitutional due process question as to his entitlement to an additional $132.00 per pay period. Plaintiff's Complaint does not identify any process or hearing necessary to resolve any factual disputes concerning his pay, let alone allege that plaintiff was denied any such process or hearing. Rather, plaintiff is simply staking a claim to a pay range to which he claims (incorrectly) a legal entitlement. That cannot, as a

---

[5] In turn, § 40.030, subsection 2(2) applies to "the members of the highway patrol and radio personnel." "Members" are defined to include, *inter alia*, lieutenants of the MSHP. *See* § 40.010 RSMo.

11

Case 2:12-cv-04086-NKL   Document 6   Filed 04/05/12   Page 16 of 20

matter of law, establish a due process violation actionable under § 1983.

A comparable pay dispute was at issue in *Goros v. County of Cook*, 489 F.3d 857 (7th Cir. 2007). The plaintiff sheriffs in that case sued the county for injunctive relief under § 1983, claiming that the applicable ordinances entitled them to earlier merit pay step increases than were being provided by the county. The sheriffs further alleged that the county's failure to comply with the ordinances violated their procedural due process rights. The Seventh Circuit made short work of the dispute, finding no cognizable constitutional claim:

> The due process clauses in the Fifth and Fourteenth Amendments do not protect property interests unconditionally . . . Due process usually means notice and an opportunity for a hearing . . . Plaintiffs do not want hearings, however; there are no factual disputes. Their grievance concerns the meaning of ordinances and collective bargaining agreements, and it has been understood for a long time that the due process clauses do not require hearings to resolve disputes about the meaning and effect of laws, regulations and contracts . . . Plaintiffs don't want ***process***; they want money."

*Id.* at 860 (emphasis original). The Court found the claim so frivolous that it dismissed for lack of jurisdiction. *See id.* ("[p]laintiffs lack a serious claim under the Constitution whether or not the schedule for step increases creates a 'property right.' Normally failure on the merits leads to judgment in defendants' favor rather than to dismissal for lack of jurisdiction. But some theories are such piffle that they fail even to make out claims arising under

12

federal law, and these must be dismissed for want of jurisdiction.") The court explained that without such an approach, *any* state employee's pay or salary dispute against a state actor could give rise to a federal § 1983 claim, if the plaintiff simply "takes care to assert that state law creates a 'property interest'" in the claimed salary. *Id.* That is precisely the approach taken in plaintiff's Complaint. Plaintiff's generic reference to "due process" concerning his employment wage dispute is insufficient to make out a constitutional deprivation actionable under § 1983.

**D.     Plaintiff Fails to State a Claim Under 42 U.S.C. § 1988.**

Plaintiff's allegations that defendants' conduct was "in violation of . . . 42 U.S.C. § 1988," likewise fails to state a claim. (Compl. ¶ 21, 22). There is no independent cause of action under Section 1988; rather, the statute is only intended to authorize the award of damages and fees in certain circumstances where the plaintiff has prevailed on *other* recognized causes of action to vindicate federal civil rights. *See Moor v. County of Alameda*, 411 U.S. 693, 702 (1973) (§ 1988 does not provide a cause of action; "[r]ather, as is plain on the face of the statute, the section is intended ***to complement*** the various acts which ***do*** create federal causes of action for the violation of federal civil

13

rights.") (emphasis added).[6] Accordingly, plaintiff's failure to state a cognizable claim under § 1983 necessarily bars any requested attorney's fees under § 1988.

## V. CONCLUSION.

For the foregoing reasons, defendants MSHP and Superintendent Replogle respectfully request that this Court issue an Order dismissing plaintiff's Complaint in its entirety against all defendants and awarding them such further relief as the Court deems appropriate and just.

---

[6] *See also*, *Derheim v. Hennepin County Bureau of Social Servs.*, 524 F. Supp. 1321, 1325 (D. Minn. 1981) ("[S]ection 1988 does not create a right of action. Its function is to authorize remedies for violations of the other civil rights statutes."); *Roundtree v. City of New York*, 778 F. Supp. 614, 617-18 (1991) (E.D.N.Y. 1991) (granting motion to dismiss purported § 1988 claim; "[P]laintiff states in his complaint that he proceeds as well under 42 U.S.C. § 1988. This section does not, however, provide a cause of action; rather, it governs actions or proceedings brought to enforce other civil rights provisions (such as Section 1981 or Section 1983)."

14

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*Michael W. Kopp*
Michael W. Kopp
Assistant Attorney General
Missouri Bar No. 63944

James R. Ward
Assistant Attorney General
Missouri Bar No. 43422

P.O. Box 899
Jefferson City, MO 65102
(573) 751-0580
(573) 751-9456 Facsimile
Michael.Kopp@ago.mo.gov
Jim.Ward@ago.mo.gov

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such to the following:

David J. Moen
621 E. McCarty St., Ste A
Jefferson City, MO 65101
*Attorney for Plaintiff*

*/s/ Michael Kopp*
Assistant Attorney General

15